J-S74042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                     :           PENNSYLVANIA
                                    :
        v.                            :
                                    :
                                    :
MARVIN DUNCAN                 :
                                    :
          Appellant          :     No. 2505 EDA 2017

Appeal from the Judgment of Sentence Entered November 3, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002251-2013

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **Filed March 19, 2019**

Marvin Duncan appeals from the judgment of sentence entered following his conviction for carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possession of a firearm by a prohibited person.[1] Duncan contends there was insufficient evidence to support the verdicts of guilty. We affirm on the basis of the Pa.R.A.P. 1925(a) trial court opinion.

In its opinion, the trial court recounted the relevant underlying facts, and we need not restate them here. **See** Trial Court Opinion, filed 12/28/17, at 1-2. Ultimately, a jury convicted Duncan of the above offenses, and the

_____

[1] 18 Pa.C.S.A. §§ 6106, 6108, and 6105, respectively.

court sentenced him to a term of six to 12 years' incarceration followed by five years' probation.

Duncan thereafter appealed,[2] and raises the question of whether the evidence was sufficient to support the guilty verdicts. **See** Duncan's Br. at 3. Duncan argues that none of the arresting officers saw him in possession of the firearm; there was no fingerprint evidence linking him to the firearm; he did not own the vehicle in which the firearm was found; and he was merely present at the scene where the firearms were found. **Id.** at 11-12.

We review a challenge to the sufficiency of the evidence to determine whether the trial evidence, viewed in the light most favorable to the verdict winner, would "enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Vargas**, 108 A.3d 858, 867 (Pa.Super. 2014) (*en banc*) (quoting **Commonwealth v. Brown**, 23 A.3d 544, 559-60 (Pa.Super. 2011) (*en banc*)). The Commonwealth may sustain its burden to prove each element of the charged offenses through the use of wholly circumstantial evidence. **Id.** at 867-68. "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Id.** at 867 (citation omitted).

When the police find contraband somewhere other than directly on the defendant's person, the Commonwealth may prove "constructive possession,"

---

[2] Duncan had his appellate rights reinstated *nunc pro tunc* after filing a petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

which is "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Id.* at 868 (quoting *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983)). When the contraband is found in an area equally accessible to other persons, the defendant's mere presence in that area will not, alone, prove conscious dominion. *Id.* at 868-69. However, the "intent to maintain a conscious dominion may be inferred from the totality of the circumstances," and "a jury need not ignore presence, proximity and association" in determining whether the defendant had knowledge of and power over the contraband found in the area of equal access. *Id.* (citations omitted).

In its opinion, the trial court explains that the evidence was sufficient for the jury to conclude that Duncan had constructively possessed the firearm, because the testimony established that a police officer responding to a report of three individuals in a car with firearms saw Duncan, who was sitting in a back seat of the car, "make a furtive movement in the direction of his feet"; the same officer saw a firearm at Duncan's feet when she approached the car; and two other firearms were recovered from the driver and front passenger seat, where the other two men had been sitting. **See** Tr. Ct. Op. at 3-4.

After a review of the parties' briefs, the certified record, and the relevant law, we find no error in the trial court's analysis. We thus affirm on the basis of the well-reasoned opinion of the Honorable Donna M. Woelpper, which we adopt and incorporate herein. **See id.** at 1-4.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019

Circulated 02/19/2019 11:59 AM

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

**FILED**

DEC 28 2017

Office of Judicial Records
Appeals/Post Trial

COMMONWEALTH OF
PENNSYLVANIA

          :      CP-51-CR-0002251-2013

v.

          :      SUPERIOR COURT

MARVIN DUNCAN

          :      2505 EDA 2017

OPINION

WOELPPER, J.  DECEMBER 28, 2017

## I. PROCEDURAL & FACTUAL BACKGROUND

On August 15, 2014, a jury convicted Marvin Duncan ("defendant") of violations of the Uniform Firearms Act.[1] Upon reinstatement of his right to file a direct appeal *nunc pro tunc*, defendant appealed the judgments of sentence, challenging the sufficiency of the evidence. His claim is meritless.

Shortly before 5:00 P.M. on July 19, 2012, Philadelphia police officers Danielle Hughes and Carlos Rodriguez responded to a call for three black males with guns in a green Chevy Impala in the area of 1800 Bucknell Street. The officers arrived at the location within a minute or two of the call and saw a car and three individuals matching the flash description. Defendant, who was seated in the back of the car, immediately reached toward his feet. Based on her thirteen years of experience, Officer Hughes suspected that defendant was reaching for a weapon. She and Officer

---

[1] The jury convicted defendant of carrying a firearm without a license (18 Pa.C.S. § 6106) and carrying a firearm on the public streets or property of Philadelphia (18 Pa.C.S. § 6108). After the jury returned its verdict, the parties stipulated to this Court finding defendant guilty of possession of a firearm by a prohibited person (18 Pa.C.S. § 6105).

1

Rodriguez called for backup, drew their guns, and ordered the three men to show their hands. The driver and front seat passenger each got out of the Chevy and ran from the scene.[2] When Officer Hughes approached the Chevy, she saw a gun at defendant's feet. Defendant was ordered out of the car and taken into custody. Officer Hughes then recovered the gun, a Smith & Wesson .38 special revolver. Two additional guns were recovered from the car: a Glock .9 millimeter pistol from under the driver's seat and a .45 caliber Bersa pistol from under the front passenger seat. N.T. 8/14/14, 13, 15-23, 27, 34.

After defendant was found guilty of the above offenses, this Court deferred sentencing for completion of a presentence investigation. On November 3, 2014, the Court sentenced defendant to an aggregate term of six to twelve years of incarceration, followed by five years of probation. Defendant filed a motion for reconsideration, which the Court denied on January 16, 2015. Defendant did not file a direct appeal. On March 30, 2016, he filed a petition under the Post Conviction Relief Act ("PCRA"). Counsel for defendant filed an amended PCRA petition on August 31, 2016, seeking the reinstatement of defendant's direct appeal rights *nunc pro tunc*. The Court granted the requested relief on July 20, 2017, and this appeal followed.

## II.    DISCUSSION

Defendant claims that there was insufficient evidence that he physically possessed the firearm at his feet. *See* Statement of Errors. On sufficiency review, all evidence is viewed in the light most favorable to the verdict winner to determine whether "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). The Commonwealth may meet its burden "by means of wholly circumstantial

---

[2] Only the driver was apprehended.

2

evidence." *Id.* Finally, the reviewing court "may not weigh the evidence and substitute [its] judgment for the fact-finder." *Id.*

Defendant claims that he is entitled to relief because the officers did not see him holding the gun. This, however, disregards the long-standing principle that an individual can physically or constructively possess an item:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Thompson*, 779 A.2d 1195, 1199 (Pa. Super. 2001), *appeal denied*, 790 A.2d 1016 (Pa. 2001).

Here, the totality of the evidence was more than sufficient to sustain defendant's convictions. Within moments of responding to a report of three individuals with guns, Officer Hughes saw defendant make a furtive movement in the direction of his feet, which based on her experience as a police officer, indicated that he was reaching for a gun. Her suspicions were confirmed when she approached the car and saw a gun in plain view at defendant's feet. Although there had been two other individuals in the car as well, they had each been seated in close proximity to their own respective guns, one at the driver's seat and one at the front passenger's seat. Viewing this evidence in the Commonwealth's favor, the jury reasonably concluded that defendant had the ability and intent to control the gun at his feet. *See, e.g., Commonwealth v. Bentley*, 419 A.2d 85, 87 (Pa. Super. 1980) (evidence was sufficient to permit fact-finder to infer possession of firearm

located within appellant's easy reach, such that appellant's knowledge of its presence could be "readily inferred").

Finally, defendant's arguments concerning the lack of fingerprint evidence, ownership of the vehicle, and the absence of flight are better suited for a weight of the evidence claim, a claim defendant has not preserved for appeal.[3]

III.    CONCLUSION

For the foregoing reasons, defendant's judgments of sentence should be affirmed.


BY THE COURT:

_Woelpper_

**DONNA M. WOELPPER, J.**

---

[3] Even if defendant had challenged the weight of the evidence, the Court would not have abused its discretion in denying such a claim, given the overwhelming evidence outlined above. *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008) (appellant not entitled to new trial based on weight of the evidence claim unless verdict "is so contrary to the evidence that it shocks one's sense of justice.").

4

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0002251-2013 |
| | : | |
| v. | : | |
| | : | SUPERIOR COURT |
| MARVIN DUNCAN | : | 2505 EDA 2017 |

## PROOF OF SERVICE

I hereby certify that I am this 28 TH day of December, 2017, serving the foregoing Opinion on the persons indicated below:

**By U.S. Mail**
Douglas P. Earl, Esquire
1015 Chestnut Street, Suite 902
Philadelphia, PA 19107

**By Interoffice Mail**
Hugh Burns, Chief, Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Anna Dillon
Secretary to the Honorable Donna M. Woelpper

5